UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LINDELL CHARLES                                              CIVIL ACTION

VERSUS                                                       No. 10-811

JEREMY GALLIANO, ET AL                                       SECTION I

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendants, Ralph Beaumont ("Beaumont"), Kenneth Melvin ("Melvin"), Jerry Dillenkoffer ("Dillenkoffer"), Edmund Muniz ("Muniz"), and the City of Kenner, to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] The plaintiff, Lindell Charles ("Charles"), has filed an opposition.[3] For the following reasons, the motion[4] to dismiss is **GRANTED IN PART** and **DENIED IN PART.**

### *BACKGROUND*

In his amended complaint, Charles alleges that while he was employed by the City of Kenner in the Public Works Department, he was subjected to "a continuous pattern of severe and pervasive harassment, prejudice, racial discrimination, and abuse."[5] Charles alleges that, at all times relevant to his amended complaint, Jeremy Galliano ("Galliano") was employed by the

---

[1] R. Doc. No. 17. Defendants originally filed the motion as a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, a motion for summary judgment. On April 23, 2010, the Court dismissed plaintiff's motion for summary judgment without prejudice for failure to comply with the Court's rule that prior to filing a motion for summary judgment, counsel shall schedule and appear for a status conference. R. Doc. No. 19.

[2] Defendant, Jeremy Galliano, is not a party to the present motion to dismiss.

[3] R. Doc. No. 22.

[4] R. Doc. No. 17.

[5] R. Doc. No. 21, p. 3.

1

City of Kenner in the Public Works Department, that Beaumont was employed by the City of Kenner as an assistant foreman in the Public Works Department, that Melvin was employed by the City of Kenner as the director of the Public Works Department, that Dillinkoffer was employed by the City of Kenner as the assistant director of the Public Works Department, and that Muniz was the mayor of the City of Kenner.[6] Charles filed his federal claims against the foregoing defendants in their individual and official capacities. Charles also names the City of Kenner as a defendant.

In his amended complaint, Charles alleges that on numerous occasions between January 19, 2007 and March 16, 2008, Galliano assaulted and battered, racially harassed, and threatened Charles.[7] Charles also alleges that Beaumont "made threatening statements and gestures to Charles with the intent of forcing Charles to resign"[8] and engaged in "pervasively-harassing behaviors, including taunting and harassing statements and gestures throughout the first nine months of 2008."[9] Charles's amended complaint states that he reported these incidents to Melvin, Dillinkoffer, and other employees and agents of the City of Kenner.[10] According to Charles's amended complaint, he requested to meet with Muniz "regarding the pattern of racial discrimination and harassment to which he was subjected."[11] Charles contends that he was "constructively-discharged when, following the continued pattern of harassment and racial

---

[6]*Id.* at pp. 2-3.

[7]*Id.* at pp. 3-6.

[8]*Id.* at p. 6.

[9]*Id.* at p. 5.

[10]*See id.* at pp. 3-8.

[11]*Id.* at p. 5.

discrimination, the workplace became so intolerable that Charles tendered his resignation effective September 9, 2008."[12]

Charles asserts claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 as well as Louisiana state law claims for assault, battery, intentional infliction of emotional distress, mental anguish and stress resulting from a pattern of discrimination, harassment and hostility in the workplace, and a failure to supervise.[13] Defendants filed the present motion to dismiss contending that plaintiff's state law tort claims and plaintiff's federal law claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 are time barred, that plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983 against the City of Kenner and against defendants in their official capacities, and that plaintiff has failed to state a claim pursuant to 42 U.S.C. §§ 1985 and 1986. Plaintiff argues in his opposition that the prescriptive period on his claims were tolled by the filing of plaintiff's charges with the EEOC pursuant to Louisiana Revised Statute 23:303(D) and that he has adequately pled his federal law claims.

*LAW AND ANALYSIS*

I. **STANDARD OF LAW**

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167

---

[12]*Id.* at p. 7.

[13]*Id.* at p. 8.

> L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,*197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 Fed. Appx. 819, 820 (5th Cir. 2009)(quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir.1986)).

**II. DISCUSSION**

*A. Statute of Limitations with Respect to Plaintiff's Claims File Pursuant to 42 U.S.C. §§ 1983, 1985, and 1986*

Defendants contend that plaintiff's claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 are barred by the applicable statutes of limitations. Section 1986 contains a one-year statute of limitations which provides that an action must be "commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. Because there is no federal statute of limitations for §§

4

1983 and 1985 claims, the district court usually applies the personal injury claims limitations period applicable in the forum state. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). Pursuant to Louisiana Civil Code article 3492, the prescriptive period for personal injury or delictual actions is one year.

While state law determines the applicable limitations period for actions pursuant to §§ 1983 and 1985, federal law determines when an action pursuant to §§ 1983, 1985 and 1986 accrues. *See Moore*, 30 F.3d at 621. "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 620-621 (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). "The statute of limitations . . . begins to run when the plaintiff is in possession of the critical facts that he has been hurt and who has inflicted the injury." *Id.* at 621 (internal citations and quotations omitted). "When an action appears to have prescribed on the face of the complaint, the plaintiff bears the burden of establishing facts which would interrupt or suspend prescription." *Ayo v. Johns-Manville Sales Corporation*, 771 F.2d 902, 908-909 (5th Cir. 1985); *see also Terrebonne Parish School Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).

In support of his claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, plaintiff alleges various tortious acts and omissions by defendants, all of which occurred no later than September 9, 2008, the date that plaintiff resigned from his job with the City of Kenner Public Works Department. Plaintiff filed the above-captioned case on March 8, 2010, over one year after September 9, 2008. Plaintiff does not allege that he did not learn of these acts and omissions until a later date.

Although plaintiff contends in his opposition that the statutes of limitation were tolled while the Equal Employment Opportunity Commission investigated plaintiff's allegations that defendants violated Title VII, the filing of a charge with the EEOC does not toll the running of the prescriptive periods governing plaintiff's §§ 1983, 1985, and 1986 claims. *See Boquet v. Lafourche Parish Sheriff's Office*, 2000 WL 1511179 at *1 (E.D. La. 2000) (Vance, J.) (citing *Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir. 1990); *Reese v. City of Emeryville Fire Dep't*, 746 F. Supp. 987, 988 (N.D. Cal. 1990)); *Dumas v. Town of Mount Vernon, Ala.*, 612 F.2d 974, 979 (5th Cir. 1980) ("The statutes of limitations applicable to actions under §§ 1981, 1983, 1985(3) and 1986 are not tolled while an EEOC claim is pending."); *see also Johnson v. Railway Express Agency*, 421 U.S. 454, 466, 95 S.Ct. 1716, 1723, 44 L.Ed.2d 295 (1974). Therefore, plaintiff's federal claims pursuant to 42 U.S.C. §§ 1985 and 1986[14] are prescribed and plaintiff's claims pursuant to 42 U.S.C. § 1983, to the extent that such claims are not premised on violations of § 1981, as discussed below, are also prescribed.

*B. Prescription of State Law Claims*

As stated above, a one year statute of limitations applies to plaintiff's state law tort claims. For the reasons stated above, plaintiff's state law tort claims against Beaumont, Melvin, Dillenkoffer, Muniz, and the City of Kenner are prescribed.

*C. Claim Pursuant to 42 U.S.C. § 1981*

Section 1981 "provides a cause of action for public or private discrimination based on race." *Felton v. Polles*, 315 F.3d 470, 480 (5th Cir. 2002), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345

---

[14] Having found that plaintiff's 42 U.S.C. §§ 1986 and 1985 claims are prescribed, the Court does not address defendants' argument that plaintiff has failed to state a claim pursuant to such statutes.

6

(2006).[15] However, § 1981 does not afford a *remedy* for a violation of rights guaranteed by that statute when such claim is pursued against a governmental entity. *Washington v. City of Gulfport*, 351 F. App'x 916, 918-19 (5th Cir. Nov. 2, 2009); *see also Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 463 (5th Cir. 2001). Section 1981's prohibitions against a private actor's racial discrimination are properly asserted against a state actor under 42 U.S.C. § 1983. *Oden*, 246 F.3d at 463-64. In this case, plaintiff has pled claims against defendants pursuant to § 1983.

Section 1981 does not contain a statute of limitations. As explained by the court in *Dean-Ball v. Garry McKinney Auto Group*:

> Prior to enactment of the Civil Rights Act of 1991 Act, Section 1981 did not cover conduct, such as harassment or job termination, that occurred after formation of the employment contract. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). In passing the 1991 Act, Congress overturned *Patterson* and expanded the scope of Section 1981 to include those and other forms of post-formation conduct. [The U.S. Supreme Court held in *Jones v. R. R. Donnelley & Sons Co.*, 514 U.S. 369, 371, 124 S. Ct. 1836, 1839, 158 L. Ed. 2d 645 (2004)] that the four-year limitations period of Section 1658 applies to any Section 1981 claims that were made possible by the 1991 Act, but a state law limitations period continues to apply to any claims that would have been allowed in the *Patterson* era. For example, the *Donnelley* plaintiffs' claims for hostile work environment, wrongful termination and failure to transfer were deemed governed by the four-year period. On the other hand, the

---

[15] 42 U.S.C. § 1981 provides:
 § 1981. Equal rights under the law
 (a) Statement of equal rights
 All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
 (b) "Make and enforce contracts" defined
 For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
 (c) Protection against impairment
 The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

7

one-year period still applies to Section 1981 claims filed in Louisiana that are based on contract formation or that otherwise would have existed prior to the 1991 Act. *See Johnson v. Crown Enterprises., Inc.*, 398 F.3d 339, 341-42 (5th Cir. 2005) (four-year statute of limitations did not apply because the plaintiff's claim was based on the defendant's failure to enter into a new contract with him); *Smith v. Aaron's, Inc*., 325 F. Supp.2d 716, 723 (E.D. La. 2004) (one-year period may apply to a failure to promote if it equated to a refusal to make a new contract).

2005 WL 2304501 at *4 (W.D. La. Sept. 6, 2005).

A four-year statute of limitations applies to the alleged violations of § 1981 in this case. *See Thomas v. City of Shreveport*, 2008 WL 4291211 at * 4-6 (W.D. La. Sept. 15, 2008); *Knox v. City of Monroe*, 551 F. Supp. 2d 504, 511-12 (W.D. La. 2008) (citing *Mitchell v. Crescent River Port Pilots Assoc*., 265 F. App'x 363 (5th Cir. 2008) (unpublished)); *see also Baker v. Birmingham Board of Education*, 531 F.3d 1336, 1338 (11th Cir. 2008). This is true even though plaintiff must pursue his § 1981 claim through a § 1983 remedy. *Thomas*, 2008 WL 4291211 at * 5; *Knox*, 551 F. Supp. 2d at 511-12.

Defendants do not dispute that a four-year statute of limitations applies to plaintiff's § 1981 claims. However, they contend that plaintiff has not adequately pled a § 1983 remedy against the City of Kenner and against Beaumont, Melvin, Dillenkoffer, and Muniz in their official capacities.

*D. Plaintiff's § 1983 Claim*s

Defendants contend that plaintiff has failed to state a claim pursuant to § 1983 against the City of Kenner and against defendants in their official capacities.[16]

As the U.S. Supreme Court explained in *Kentucky v. Graham*:

---

[16]Defendants' motion does not address, and this Court does not consider, whether plaintiff has adequately stated a claim against defendants in their individual capacities.

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *See, e.g., Scheuer v. Rhodes*, 416 U.S. 232, 237-238, 94 S.Ct. 1683, 1686-1687, 40 L.Ed.2d 90 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [*Brandon v. Holt,* 469 U.S. 464, 471-472, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985).] It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

A plaintiff asserting a § 1983 claim against a municipal official in his official capacity or a § 1983 claim against a municipality, "must show that the municipality has a policy or custom that caused his injury." *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007). A municipality cannot be held liable under §1983 for the tortious behavior of its employees under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.*

A complaint must show that, "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L. Ed. 2d 626 (1997). To state a claim, plaintiffs "must plead facts showing that a policy or custom existed, and that such custom or policy was the cause in fact or moving force behind a constitutional violation." *McClure v. Biesenbach*, 2009 WL 4666485 at *2 (5th Cir. Dec. 9, 2008) (citing *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162 (5th Cir. 1997)).

The Supreme Court has expressly prohibited the application of a heightened pleading standard to § 1983 claims against municipalities. *Jones v. Bock*, 549 U.S. 199, 212-13, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)). Instead, a plaintiff need only comply with notice pleading requirements by presenting a "short and plain statement of the claims showing that the pleader is entitled to relief." *Id.* Boilerplate allegations of inadequate municipal policies or customs are generally sufficient. *See, e.g., Mack v. City of Abilene*, 461 F.3d 547, 556 (5th Cir. 2006); *Ortiz v. Geo Group, Inc.*, 2008 WL 219564 at *2 (W.D. Tex. Jan. 25, 2008); *Jacobs v. Port Neches Police Dept.*, 1996 WL 363023, *13-15 (E.D. Tex. June, 26, 1996); *DeFrancis v. Bush*, 839 F. Supp. 13, 14 (E.D. Tex. 1993).

Plaintiff alleges that after he reported to his supervisor that Galliano had harassed him, "The City of Kenner, thorough its defendant employees, and through policy, custom, or practice did not take prompt remedial action to protect Charles from further racism, discriminatory acts or threats to his safety."[17] Plaintiff further alleges:

> The City of Kenner did not adequately or timely address Charles' numerous and documented claims of severe and pervasive harassment, discrimination, and abuse. The City of Kenner and its employees and mayor allowed Charles to be subjected to retaliation at the workplace after he made repeated complaints to supervisory personnel about the hostile work environment in which he was forced to work due to ongoing racially-discriminatory acts. Thus, it was the practice of the City of Kenner and its employees and mayor to ignore complaints of discriminatory behavior.[18]

---

[17] R. Doc. No. 21, p. 2.

[18] R. Doc. No. 21, p. 9.

Considering the foregoing, the Court finds that plaintiff has alleged a municipal policy or custom sufficient to survive defendants' motion to dismiss.

*CONCLUSION*

**IT IS ORDERED** that the motion to dismiss is **DENIED** with respect to plaintiff's official capacity claims against Beaumont, Melvin, Dillenkoffer, and Muniz pursuant to 42 U.S.C. § 1983, premised on violations of 42 U.S.C. § 1981.

**IT IS FURTHER ORDERED** that the motion to dismiss is **DENIED** with respect to plaintiff's claims against the City of Kenner pursuant to 42 U.S.C. § 1983, premised on violations of 42 U.S.C. § 1981.

**IT IS FURTHER ORDERED** that the motion to dismiss is **GRANTED** with respect to plaintiff's individual and official capacity claims against Beaumont, Melvin, Dillenkoffer, and Muniz pursuant to 42 U.S.C. §§ 1985 and 1986 and **GRANTED** with respect to plaintiff's 42 U.S.C. § 1983 claims that are not premised on a violation of 42 U.S.C. § 1981 and such claims are **DISMISSED.**

**IT IS FURTHER ORDERED** that the motion to dismiss is **GRANTED** with respect to plaintiff's claims against the City of Kenner pursuant to 42 U.S.C. §§ 1985 and 1986 and **GRANTED** with respect to plaintiff's 42 U.S.C. § 1983 claims that are not premised on a violation of 42 U.S.C. § 1981 and such claims are **DISMISSED.**

**IT IS FURTHER ORDERED** that the motion to dismiss is **GRANTED** with respect to plaintiff's state law tort claims and such claims are **DISMISSED.**

New Orleans, Louisiana, August 14, 2010.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**